**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0304-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PABLO ANTONIO ACEVEDO,
a/k/a ERIC RUIZ,

    Defendant-Appellant.

_____

        Submitted March 16, 2017 - Decided  May 10, 2017

        Before Judges Lihotz and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Burlington County, Indictment
        No. 06-10-1443.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Charles H. Landesman,
        Designated Counsel, on the brief).

        Robert D. Bernardi, Burlington County
        Prosecutor, attorney for respondent (Jennifer
        Paszkiewicz, Assistant Prosecutor, on the
        brief).

PER CURIAM

Defendant Pablo Antonio Acevedo appeals from an April 28, 2015 order denying his petition for post-conviction relief (PCR). On appeal, defendant seeks reversal of the order, arguing:

POINT I

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY HIS TRIAL ATTORNEY.

POINT II

TRIAL COUNSEL FAILED TO PRESENT ANY MITIGATING FACTORS AT PETITIONER'S SENTENCING.

Following our review of the record and applicable law, we affirm.

Defendant was tried before a jury along with his four co-defendants and was convicted of second-degree conspiracy, N.J.S.A. 2C:5-2(a)(1) (count one); two counts of second-degree burglary, N.J.S.A. 2C:18-2(a)(1) (counts two and three); two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (counts four and five); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count seven); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (count nine); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count ten).[1] The jury acquitted defendant of first-degree criminal attempt/murder,

---

[1] Prior to trial the State dismissed these charges: third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count eight); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count eleven); and third-degree receiving stolen property, N.J.S.A. 2C:20-7(a) (count twelve).

N.J.S.A. 2C:5-1 and 2C:11-3(a)(1) (count six). After merger, the judge imposed an aggregate term of imprisonment of thirty years.

Defendant's motion for a new trial was denied. On direct appeal, this court affirmed defendant's conviction and sentence; the Supreme Court denied certification. State v. Acevedo, No. A-3861-07 (App. Div. Apr. 25) (slip op. at 26), certif. denied, 208 N.J. 369 (2011).

Defendant filed his petition seeking PCR on November 2, 2011, which was heard on April 27, 2015. In a written opinion filed the next day, the judge denied PCR. Defendant appeals from the order filed on April 28, 2015.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Goodwin, 173 N.J. 583, 593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). The process affords an adjudged criminal defendant a "last chance to challenge the fairness and reliability of a criminal verdict." State v. Nash, 212 N.J. 518, 540 (2013); see also R. 3:22-1. "Post-conviction relief is neither a substitute for direct appeal, R. 3:22-3, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." Preciose, supra, 129 N.J. at 459; see also State v. Echols, 199 N.J. 344 (2009).

> It is well-settled that to set aside a conviction based upon a claim of ineffective assistance of counsel, a petitioner must

prove, by a preponderance of the evidence, that (1) counsel performed deficiently, and made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment; and (2) defendant suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); [] Preciose, [supra,] 129 N.J. [at] 459 (reciting preponderance of the evidence standard of proof) . . . .

[State v. L.A., 433 N.J. Super. 1, 13 (App. Div. 2013).]

Strickland's two-prong test was adopted by New Jersey in State v. Fritz, 105 N.J. 42, 58 (1987).

Defendant maintains trial counsel was ineffective as he failed to file a motion to suppress defendant's custodial police statement. Defendant asserts his statement was coerced, because he was held for twelve hours without food or the right to make a phone call. Additionally, defendant certified police told him an officer was shot and he "better cooperate." Also, he was threatened with physical violence when police told him no one knew he was being held and they could make him disappear.

In order to secure PCR on this basis, defendant must demonstrate the motion likely would have been successful, if filed. State v. O'Neal, 190 N.J. 601, 619 (2007) ("It is not ineffective assistance for defense counsel not to file a meritless motion.").

4

When analyzing a defendant's claim his or her custodial statement was coerced, we start with a review of a defendant's waiver of his or her rights established by Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). These rights protect a detained defendant by informing him or her regarding the privilege against self-incrimination and the right to have counsel present. The United States Supreme Court emphasized, "the relinquishment of the right [to remain silent] must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception." Moran v. Burbine, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed. 2d 410, 421 (1986). Any waiver of these rights must be knowing, intelligent, and voluntary, and the State bears the burden of demonstrating an alleged waiver has met this test. Miranda, supra, 384 U.S. at 444, 86 S. Ct. at 1612, 16 L. Ed. 2d at 706-707.

The claims of intimidation and coercion raised by defendant were presented for the first time in his PCR motion. Defendant was being held in New York, when Detective Jason Abadia and investigating officers traveled from New Jersey to interview him. Detective Abadia, who was not part of the team investigating the crimes, but was called upon because he was fluent in Spanish, provided the translation of Miranda rights from English to Spanish

and took defendant's statement. He testified no conversation with defendant took place prior to the use of the tape recorder, because New Jersey law enforcement did not speak to defendant until that time.

The trial evidence regarding defendant's custodial statement included the audio tape between defendant and Detective Abadia, starting with his initial conversation issuing defendant his <u>Miranda</u> rights; the <u>Miranda</u> waiver form, written in Spanish, initialed and signed by defendant; the audio of defendant's confession conducted in Spanish; the written English translation of the audio statements; testimony by Detective Abadia of the events; and testimony by an independent bilingual transcriber, who reviewed the English translation against the Spanish audiotape and verified its accuracy. <u>Acevedo</u>, <u>supra</u>, slip op. at 13.

We reject as unfounded any challenge to the accuracy of the English translation of the Spanish statements made to and by defendant. This issue was considered on appeal when this court examined whether the judge properly admitted the translation for the jury's review. <u>Ibid.</u> We noted defendant never challenged the accuracy of the translated statement and there was no evidence that showed the translation was erroneous. <u>Ibid.</u>

Importantly, Detective Abadia stated defendant had very limited understanding of English. For example, he testified when

he used the word "burglary," defendant stopped him asking what he meant. Detective Abadia clearly stated defendant asked him anything that seemed confusing. Defendant's rights were issued in Spanish, both orally and in writing, so there was no misunderstanding. Further, defendant's conduct and statements as demonstrated by the trial proofs show his unequivocal waiver of his constitutional rights, after which he offered his custodial statement. There is nothing in the record supporting a finding defendant's decision to speak to police resulted from something other than a voluntary and informed decision.

Therefore, not only has the accuracy of the translation that included defendant's voluntary waiver of rights been considered on direct appeal, making it inappropriate for review in PCR, R. 3:22-1 (barring PCR review of matters previously adjudicated), but also, the record supports the voluntariness of defendant's statements, making suppression based on a <u>Miranda</u> challenge unlikely. For these reasons we reject defendant's claim he was entitled to PCR because counsel failed to present his recently related claims of coercion.

Defendant next asserts counsel was ineffective because he failed to discuss trial strategy, allegedly did not review discovery with him or have it translated, excluded defendant from jury selection, where he alleges counsel did not object to

exclusion of minorities, and did not interview co-defendant Mariano Nunez, who presumably would have stated defendant was an unwilling participant in the robbery.

We note defendant offers only broad statements of counsel's alleged failures, and none of these accusations are explained or supported. The PCR judge identified record citations that belie each claim attacking counsel as unprepared or negligent in consulting with defendant. Moreover, there is no affidavit from Nunez reciting his possible testimony; there is no articulation of what occurred during jury selection when a prospective juror was stricken; and no explanation of what defendant would have done had counsel performed services as defendant suggests. These bald facts are insufficient to sustain a grant of PCR. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

In his final point, defendant argues counsel failed to present mitigating factors during sentencing. Specifically, defendant believed mitigating factors one (defendant's conduct neither caused nor threatened serious harm) and two (defendant did not contemplate his conduct would cause or threaten serious harm) were applicable because he was only "acting as a lookout." We conclude the arguments are meritless. R. 2:11-3(e)(2). The crime involved an armed robbery by six co-defendants of a check cashing facility.

A-0304-15T1

The record shows defendant was aware of the plan and its objective. Further, defendant confessed his role included prying open the facility, which was equipped with police alarms. In light of all the evidence, it is without question these claimed mitigating factors do not apply.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION